UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DALE KRASINSKI, TERESA KRASINSKI, and ELEANOR KRASINSKI b/n/f DALE KRASINSKI, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTTSDALE INSURANCE CO., DWAYNE RANCIFER, and RANCIFERS INVESTMENTS, LLC a/k/a RANCIFER INVESTMENT, LLC. <br><br> Defendants. | Case No. 2:15-cv-346 |

**NOTICE OF REMOVAL OF CASE TO THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA**

Defendant, Scottsdale Insurance Company, ("Scottsdale"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby submits this Notice of Removal from the Lake County Circuit Court to the United States District Court for the Northern District of Indiana, the federal judicial district in which this action is pending, as follows:

1. On or about July 31, 2015, Plaintiffs, Dale Krasinski, Teresa Krasinski, and Eleanor Krasinski b/n/f Dale Krasinski ("Plaintiffs") filed a Complaint and Jury Demand against Scottsdale in the Lake County Circuit Court, State of Indiana, which was assigned Case No. 45D021508PL00065 ("State Court Action") and in which Scottsdale, Dwayne Rancifer and Rancifers Investments, LLC a/k/a Rancifer Investment, LLC, are Defendants. **(Exhibit 1,** true and correct copy of Complaint).

2. The Summons and Complaint was served on Scottsdale on August 10, 2015.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and

orders served upon Scottsdale in the State Court Action are attached hereto as **Exhibit 1.**

4. Plaintiffs are citizens of Indiana. **(Exhibit 1,** Plaintiffs' Complaint, ¶2)

5. Defendant Scottsdale is an Ohio corporation with its principal place of business in Arizona.

6. The amount in controversy is $5,000,000. **(Exh. 1)**

7. Plaintiffs seek a declaration in this action that an insurance policy issued by Scottsdale provides coverage for a consent judgment entered into between Plaintiffs and Dwayne Rancifer and Rancifers Investments, LLC a/k/a Rancifer Investment, LLC (the "Rancifer Defendants") in an underlying tort action entitled *Dale Krasinski, et al. v. Litton Loan Servicing, LP, et al.,* Lake County Superior Court Case No. 45D11-1108-PL-00078. **(Exh. A to Exh. 1).**

8. The Rancifer Defendants have assigned their rights against Scottsdale to Plaintiffs. **(Exh. 1, ¶58)**

9. Notwithstanding the assignment, Plaintiffs' Complaint also names the Rancifer Defendants, each of whom is a citizen of Indiana.

10. That although the Rancifer Defendants are citizens of Indiana, there is no actual controversy between Plaintiffs and the Rancifer Defendants. The only cause of action alleged against the Rancifer Defendants is Count I – Declaratory Judgment. This cause of action merely seeks to hold Scottsdale liable for the consent judgment entered into between Plaintiff and the Rancifer Defendants. **( Exh A., ¶¶60-66)** However, the Rancifer Defendants have assigned their rights against Defendant Scottsdale to the Plaintiffs. **(Exh. A, ¶58)** Accordingly, the Rancifer Defendants have no interest in this litigation at all. Furthermore, even if the Rancifer Defendants have any interest in this litigation, that

interest is aligned with Plaintiffs' interests and against those of Scottsdale in seeking to establish liability of Scottsdale for the consent judgment.

11. Accordingly, the parties in this case should be realigned for diversity jurisdiction purposes as the assignment by the Rancifer Defendants to plaintiffs reflects their similar positions in this action. *Veenstra v. Ashley,* 2013 WL 1499157 (N.D. Ind. Apr. 9, 2013)("[T]he formal designation of a party in the complaint as 'plaintiff' or 'defendant' is not necessarily controlling. Where there is a basis for doing so, the court will look beyond the pleadings, and arrange the parties according to their sides in the dispute."); *City of Dawson v. Columbia Avenue Savings Fund, Safe Deposit, Title, & Trust Co.,* 197 U.S. 178, 180, 25 S.Ct. 420, 49 L.Ed. 713 (1905)); *Am. Motorists Ins. Co. v. Trane Co.,* 657 F.2d 146, 149 (7th Cir. 1981)(Wisconsin law)("[w]here jurisdiction is based on diversity of citizenship, the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation."); *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.F.d. 47 (1941). ("The Court has a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute.")

12. Additionally, the Rancifer Defendants' non-diverse residency status is not an impediment to removal of this civil to federal court under the doctrine of fraudulent joinder. *Walton v. Bayer Corp.,* 643 F.3d 994, 999 (7th Cir. 2011)("Like many legal doctrines, 'fraudulent joinder' is misnamed, since ... proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction—all that's required is proof that the claim against the non-diverse defendant is utterly groundless, and as a groundless claim does not invoke federal jurisdiction); *Ilopons v. Lavine,* 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *McCurdy v. Sheriff of Madison County,* 128 F.3d 1144, 1145 (7th

Cir.1997). Plaintiff's "claims" against the Rancifer Defendants are utterly groundless for the simple reason that the Rancifer Defendants have assigned all their rights against Scottsdale to the Plaintiffs. Courts are instructed to disregard nominal or formal parties and rest jurisdiction only upon citizenship of "real and substantial parties to the controversy". *Navarro Savings Ass'n v Lee*, 446 U.S. 458, 460-1 (1980).

13. Pursuant to 28 U.S.C. § 1332(a), upon proper re-alignment and/or disregard of the Rancifer Defendants, this Court has original jurisdiction over this civil action in that it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, removal is proper in accordance with 28 U.S.C. § 1441(a).

14. Scottsdale has not filed any responsive pleadings in the State Court Action.

15. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after Scottsdale's receipt of Plaintiffs' Complaint on August 10, 2015.

16. Concurrent with the filing of this Notice of Removal, by means of the Notice of Filing Notice of Removal filed in the State Court Action and attached hereto as **Exhibit 2**, Scottsdale is providing notice to Plaintiff and to the Lake County Circuit Court (a) of this Notice of Removal; (b) that this action is to be docketed in this Court; and (c) that this Court shall hereafter be entitled to grant all relief to the parties as is proper under the circumstances.

17. Scottsdale reserves the right to supplement this Notice of Removal if it becomes necessary to do so.

WHEREFORE, Scottsdale respectfully requests that this action proceed in the United States District Court for the Northern District of Indiana as a removed claim or cause of

action under 28 U.S.C. §§, 1332, 1441 and 1446.

                                     Respectfully Submitted,

                              By: /s/  Pamela A. Paige
                                  Pamela A. Paige (16163-49)
                                  *Attorney for Scottsdale*
                                  *Insurance Company*
                                  PLUNKETT COONEY, P.C. 300 N. Meridian St., Suite 990
                                  Indianapolis, IN 46204
                                  ppaige@plunkettcooney.com

                                   **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a copy of the foregoing document has been served this _____ day of September 2015, via United States mail, first class postage prepaid, upon the following counsel of record.

Steven J. Sersic
Kevin C. Smith
SMITH SERSIC
9301 Calumet Ave., Suite 1F
Munster, IN 46432

                                           /s/  Pamela A. Paige

Plunkett Cooney, P.C.
300 N. Meridian St., Suite 990
Indianapolis, IN 46204

Open.20622.52509.15893792-1

5